PHELPS *vs.* STATE.

MURDER FROM RANDOLPH. Criminal Law. Charge of Court. Continuance. Practice in Superior Court. (Before Judge Simmons.)

Jackson, C. J.—1. The verdict was fully sustained by the evidence.

2. When taken in connection with the entire charge of the Court, including the charge on the subject of reasonable fears, there was no error in charging that "if Daniel (the deceased) was cursing Phelps (the defendant), and called for his pistol, and Phelps pulled his pistol

out and shot him, that would not reduce the crime from murder to man-slaughter."

3.   There was no error in refusing a continuance on the ground of the absence of a witness, just heard of on the morning of the trial, who would swear to certain statements of the wife of the deceased, it not being shown in any way that the wife would not swear what she had stated to the witness.

4.   When the jury request the Court to recharge them on any point, it is his duty to do so, and the consent thereto of defendant's counsel is not necessary.

(a.)   Counsel and the prisoner were present in this case, and no objection was made or exception taken.

(b.)   There was no error in telling the jury the punishment of the different grades of homicide, especially when it was for them to fix the punishment in one of the grades.

Judgment affirmed.

L. S. Chastian; A. Hood & Son, for plaintiff in error.

J. H. Guerry, Solicitor General, for the State.